IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| SHIRLEY RICHEY BLOME,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF MONTANA,<br><br>Defendants. | Cause No. CV 09-00134-BLG-RFC-CSO<br><br>FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO GRANT DEFENDANT'S MOTION TO DISMISS |

This matter is pending on Plaintiff Shirley Richey Blome's Complaint filed October 19, 2009. Blome alleges the State of Montana violated her federal speedy trial right. Defendant filed a Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on November 16, 2009.

I. STATEMENT OF THE CASE

    A. Parties

Blome was convicted of embezzlement and forgery on December 21, 2006, in state district court. (Court Doc. 1–Complaint, p. 3, ¶ 12). Blome is not currently incarcerated but remains on probation as a result of the conviction. (Court Doc. 5-1 (Judgment and Order Suspending Sentence). The sole Defendant is the State of Montana.

    B. Allegations

Blome alleges the State of Montana willfully and negligently violated her federal right to a speedy trial when it failed to commence her state criminal trial within the seventy-day time limit prescribed by 18 U.S.C. §§ 3161 et seq. She seeks reversal of her conviction, dismissal of the indictment with prejudice, and monetary damages.

II. ANALYSIS

    A. Standard

Defendant filed its Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, requesting the Court dismiss this matter for failure to state a claim upon which relief can be granted. In

ruling on Defendant's Motion to Dismiss, review is limited to the contents of the Complaint. Clegg v. Cult Awareness Network, 18 F.3d 752, 754 (9th Cir. 1994). A plaintiff's factual allegations must be taken as true and construed in the light most favorable to the plaintiff. Livid Holdings Ltd. v. Salomon Smith Barney, Inc., 416 F.3d 940, 946 (9th Cir. 2005). Although a complaint does not need to include detailed facts to survive a Rule 12(b)(6) motion to dismiss, a plaintiff must do more than recite the formulaic elements of a cause of action. . Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965-66 (2007). The plaintiff must include enough facts to raise a reasonable expectation that discovery will reveal evidence. In other words, the plaintiff must allege enough facts to state a claim for relief that is plausible on its face. Id. at 1974. "[C]onclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim." McGlinchy v. Shell Chem. Co., 845 F.2d 802, 810 (9th Cir. 1988).

When a plaintiff appears pro se, the court has an obligation to construe the plaintiff's complaint liberally. See Bernhardt v. Los Angeles County, 339 F.3d 920, 925 (9th Cir. 2003); Jackson v. Carey,

353 F.3d 750, 757 (9th Cir. 2003). "'A pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007)(quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285 (1976)); Cf. Fed. Rule Civ. Proc. 8(f) ("All pleadings shall be so construed as to do substantial justice"). Pro se plaintiffs in a civil rights action must be afforded the benefit of any doubt. See Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir. 1988). "A pro se litigant must be given leave to amend his or her complaint unless it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.' " Id. (quoting Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987)).

    B. Analysis

Defendant is correct that Blome's Complaint is barred by the doctrine set forth in Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). In Heck, the United States Supreme Court held that "in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness

would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal," or otherwise declared invalid, called into question by the issuance of a habeas writ, or expunged. Id.

Because the Montana Supreme Court affirmed Blome's conviction on direct appeal, Blome cannot make the requisite showing here. See State v. Blome, 342 Mont. 550, 182 P.3d 762 (Mont. 2008). Blome also attempted to challenge her conviction in state district court claiming a violation of the federal Speedy Trial Act. See Blome v. State, 352 Mont. 16, 214 P.3d 789 (Mont. 2009). The state district court deemed this complaint a petition for post-conviction relief pursuant to Mont. Code Ann. § 46-21-101 and denied the petition pursuant to the procedural bar in Mont. Code Ann. § 46-21-105(2). (Id. at ¶ 4). The Montana Supreme Court affirmed the denial in its memorandum decision issued June 9, 2009.

Blome's conviction has not been reversed, declared invalid, expunged, or called into question. Thus, she has failed to state a claim upon which relief may be granted. This is not a defect which could be

cured by amendment.

Defendant also correctly argues that the State of Montana is not a "person" subject to suit for money damages pursuant to 42 U.S.C. § 1983.  "Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties.  The Eleventh Amendment bars such suits unless the State has waived its immunity."  Will v. Michigan Department of State Police, 491 U.S. 58, 66, 109 S.Ct. 2304, 2309 105 L.Ed.2d 45 (1989).

## III. CONCLUSION

Defendant's Motion to Dismiss should be granted as Blome's claims are barred by the Heck doctrine and the State of Montana has Eleventh Amendment immunity from claims for money damages.

Based upon the foregoing, the Court issues the following:

## RECOMMENDATION

1. The State of Montana's Motion to Dismiss (Court Doc. 4) should be GRANTED and Blome's Complaint should be DISMISSED WITH PREJUDICE for failure to state a claim upon which relief may

be granted.

    2.  The Clerk of Court should be directed to close this matter and enter judgment in favor of Defendant pursuant to Rule 58 of the Federal Rules of Civil Procedure.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

    Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Findings and Recommendation within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing.  Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendation."

    A district judge will make a de novo determination of those portions of the Findings and Recommendation to which objection is made.  The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendation.  Failure to timely file written objections may bar a de novo determination by the district judge and may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

    This is not an order that is immediately appealable to the Ninth

Circuit Court of Appeals.  Any notice of appeal pursuant to Fed.R.Civ.P. 4(a)(1), should not be filed until entry of the District Court's final judgment.

DATED this 5th day of January, 2010.

                                               /s/ *Carolyn S. Ostby*
                                               Carolyn S. Ostby
                                               United States Magistrate Judge