IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

FILED
BILLINGS DIV.
2010 JAN 26 PM 4 32
PATRICK E. DUFFY, CLERK
BY _____
DEPUTY CLERK

| | |
|---|---|
| SHIRLEY RICHEY BLOME, ) | |
| ) | CV-09-134-BLG-RFC |
| Plaintiff, ) | |
| vs. ) | |
| ) | ORDER ADOPTING FINDINGS |
| STATE OF MONTANA, ) | AND RECOMMENDATIONS OF |
| ) | U.S. MAGISTRATE JUDGE |
| Defendant. ) | |
| ) | |

On January 5, 2010, United States Magistrate Judge Carolyn Ostby entered Findings and Recommendation (*Doc. 12*) with respect to Defendant's Motion to Dismiss pursuant to Rule 12(b)(6), F.R.Civ.P. Magistrate Judge Ostby recommends that Defendant's motion be granted.

Upon service of a magistrate judge's findings and recommendation, a party has 14 days to file written objections. 28 U.S.C. § 636(b)(1). In this matter, Plaintiff filed an objection on January 14, 2010. Plaintiff's objections require this Court to make a *de novo* determination of those portions of the Findings and Recommendations to which objection is made. 28 U.S.C. § 636(b)(1). Plaintiff's objections are not well taken.

After a de novo review, the Court determines the Findings and

1

Recommendation of Magistrate Judge Ostby are well grounded in law and fact and HEREBY ORDERS they be adopted in their entirety.

Blome's Complaint is barred by the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). In *Heck*, the United States Supreme Court held that "in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal," or otherwise declared invalid, called into question by the issuance of a habeas writ, or expunged. *Id.*

Because the Montana Supreme Court affirmed Blome's conviction on direct appeal, Blome cannot make the requisite showing here. *See State v. Blome*, 342 Mont. 550, 182 P.3d 762 (Mont. 2008). Blome also attempted to challenge her conviction in state district court claiming a violation of the federal Speedy Trial Act. *See Blome v. State*, 352 Mont. 16, 214 P.3d 789 (Mont. 2009). The state district court deemed this complaint a petition for post-conviction relief pursuant to Mont. Code Ann. § 46-21-101 and denied the petition pursuant to the procedural bar in Mont. Code Ann. § 46-21-105(2). (*Id.* at ¶ 4). The Montana Supreme Court affirmed the denial in its memorandum decision issued June 9, 2009.

2

Blome's conviction has not been reversed, declared invalid, expunged, or called into question. Thus, Blome has failed to state a claim upon which relief may be granted. This is not a defect which could be cured by amendment.

Additionally, the State of Montana is not a "person" subject to suit for money damages pursuant to 42 U.S.C. § 1983. "Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties. The Eleventh Amendment bars such suits unless the State has waived its immunity." *Will v. Michigan Department of State Police*, 491 U.S. 58, 66, 109 S.Ct. 2304, 2309 105 L.Ed.2d 45 (1989).

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (*Doc. 4*) is **GRANTED**. Plaintiff's Complaint is **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted.

The Clerk of Court is direct to close this matter and enter judgment in favor of Defendant, pursuant to Rule 58, F.R.Civ.P.

DATED this 26th day of January, 2010.

RICHARD F. CEBULL
UNITED STATES DISTRICT JUDGE